Wolfe, Appellant, *v.* The Pennsylvania Company for Insurances on Lives and Granting Annuities.

Argued April 2, 1936. Before MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Alexander Love, Jr.,* with him *Ladner & Ladner,* for appellant.

*Earl G. Harrison,* with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY MR. JUSTICE LINN, May 25, 1936:

Appellant complains that binding instructions for defendant were given in his suit for conversion of certain bonds. He had pledged them to Allentown Trust Company as collateral for a loan to him.

The Allentown Trust Company was indebted to defendant on collateral notes specifically providing that, on demand, the debtor would deliver additional collateral to maintain a stipulated margin. When the value of the collateral had shrunk below the agreed margin, defendant called upon the debtor to perform its agreement by adding to the pledge, for the performance of which agreement it had already received the consideration. The trust company complied by delivering the bonds involved. Later, the trust company failed, and its notes were dishonored. Defendant then sold the collateral as authorized by the notes. The amount received for the bonds was their market value, and was credited to the receiver of the trust company in payment of its notes. The receiver, in turn, credited plaintiff's account with the amount received for the bonds. They were coupon bonds, payable to bearer, which, as has been said, defendant received for value without notice. Compare *Shattuck v. American Cement Co.,* 205 Pa. 197, 54 A. 785; *King v. Mellon Nat. Bank,* 227 Pa. 22, 75 A. 832.

Indeed, defendant was without notice that they were not the absolute property of the trust company until after they were sold and the plaintiff was credited with the proceeds. These facts appear in the evidence offered by plaintiff or by agreement.

Plaintiff has sustained no loss; the conversion, if any, was innocent, and resulted in his account receiving credit for the market value of the bonds: see *Penna. Co., etc., v. P. G. & N. R. R. Co.*, 153 Pa. 160, 25 A. 1043; *Gervis v. Kay*, 294 Pa. 518, 144 A. 529. The Act of April 10, 1929, P. L. 476, 68 PS section 481, provides that in actions for damages for conversion of such property "the damages shall be limited to the difference between the proceeds of the conversion, or that portion thereof duly paid or credited to the owner, and such higher value as the property may have reached within a reasonable time after he had notice of the conversion." It provided "a limitation upon the recovery of damages in excess of that value" *(Foley v. Wasserman,* 319 Pa. 420, 428, 179 A. 595) terminating "the 'highest value' period at the expiration of a reasonable time after notice of the conversion, instead of allowing it to continue down to the date of trial, as was permitted under the old rule" *(Ibid).* The provisions of the act are in derogation of the common law and must therefore not be extended beyond what is plainly expressed; they do not substitute for the common law a rule to the effect that one guilty of innocent or merely technical conversion—as distinguished from wilful or negligent conversion—must pay or account for more than the market value plus interest, which was all the common law required in such case: *Penna. Co., etc., v. P. G. & N. R. R. Co.*, 153 Pa. 160, 25 A. 1043, supra; *Gervis v. Kay*, 294 Pa. 518, 530, 144 A. 529, supra.

Judgment affirmed.