## PLACK v. BAUMER.

No. 7665.

Circuit Court of Appeals, Third Circuit.

June 30, 1941.

See also, D.C., 1 F.R.D. 136.

Morton Meyers, of Johnstown, Pa. (Graham, Yost & Meyers, Leonard Sobol, and Harry Doerr, all of Johnstown, Pa., on the brief), for appellant.

Philip N. Shettig, of Ebensburg, Pa., for appellee.

Before MARIS and JONES, Circuit Judges, and WALKER, District Judge.

JONES, Circuit Judge.

This appeal grows out of a judgment for the defendant receiver in a civil action, sounding in trover, for an alleged conversion of securities.

The plaintiff was the owner of certain shares of stock which he pledged to the First National Bank of Johnstown to secure payment of two demand notes given by him to the bank in the principal sums of $20,000 and $9,000. Subsequently, the bank having become insolvent, a receiver was appointed for it. Between October 21, 1936

(the notes then being in default) and November 5, 1936, the receiver sold the pledged collateral in the open market for the sum of $29,131.14, net after costs of sale. No demand for the payment of the notes had been made upon the plaintiff personally, nor did he personally receive notice of the sale of the collateral. The first time he heard of it was in January 1937. The market was rising when the stock was sold, and the highest prices quoted for the stock within a reasonable period after plaintiff's discovery of the sale would have determined a market value for the pledged collateral, on March 10, 1937, of $41,651.96. Alleging that the receiver had converted the stock, the plaintiff instituted the present action, which was tried to the court below without a jury. After findings of fact made, the court entered judgment for the defendant, and the plaintiff took the pending appeal.

For a proper understanding of the case, attention is directed to the circumstances peculiarly attending the plaintiff's notes, the pledge and the sale of the collateral. The plaintiff's father, who had been an executive officer of the bank up to the time of its determined insolvency, had borrowed from the bank sums in considerable amount without adequate collateral. In order to cover some of these insufficiently secured loans and to reduce the extent of the obligations standing in the father's name at the bank, one of the loans was taken over by another son. This loan was subsequently assumed by the plaintiff, who gave the bank his notes accompanied by hypothecation of the collateral which the bank is now charged with having converted. The father had originally acquired ownership of the stock through the exercise of a stock-purchase right residing in him, so that, when the stock was pledged as security for the plaintiff's notes, it was the father who signed the hypothecation certificates. He also made all payments of interest on account of the notes and, at all times, was regarded by the bank as the borrower and the pledgor of the stock. The bank made demand of him for the payment of the plaintiff's notes and gave him due notice of the proposed sale of the collateral. There is substantial evidence in the case to support the findings of the trial court which are to the above effect.[1]

But, assuming for the purpose of this appeal that the bank's sale of the plaintiff's stock amounted to a conversion, the question still remains,—was the conversion innocently committed and, hence, purely technical? If it was, then, notwithstanding the want of notice to the plaintiff, the judgment of the court below was right and should be affirmed. The defendant fully accounted for what it had received from the sale of the stock in the open market.

The trial court found (Finding 13) that the sale "was made in good faith"; that "demand and notice to plaintiff * * * was innocently overlooked"; and that "if there was any conversion, it was technical." These findings, which, as we have said, are supported by substantial evidence, may not now be disturbed. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiff argues, however, that the trial court's use of the term "technical" in connection with the conversion constitutes a conclusion of law and not a finding of fact.

[1] The findings of the trial court in material part are as follows:

"4. Said bank [First National Bank of Johnstown] loaned to the plaintiff * * $29,000, which was evidenced by two notes, one for $20,000 and the other for $9,000, which was secured by collateral. " * * *

"6. The aforesaid loans to plaintiff were taken as a substitute for loans to a brother of the plaintiff, William C. Plack. * * *

" * * *

"9. No demand for payment was made by the defendant of the plaintiff before the sale of the aforesaid collateral nor was any notice given to him prior to the sale that it would be sold.

"10. The stocks pledged and the stocks sold by the defendant were the property of the plaintiff.

"11. Elmer A. Plack, father of the plaintiff, was employed in the Discount Department of said bank and was an Assistant Cashier thereof. * * * The father looked after the loans of the plaintiff; he paid the interest thereon from time to time. Plaintiff did not pay any interest to said bank. The father also paid the interest while William Plack was the borrower. The father issued hypothecation certificates.

"12. The father was regarded as the borrower and pledgor of said stocks by the bank. Demand was made of the father for payment; he was also given notice of sale before the sale was made.

"13. Sale of said stocks * * * was made in good faith. If demand and notice to plaintiff was required it was innocently overlooked; and if there was any conversion, it was technical."

It is implicit in the finding that the court used the word "technical" in a qualifying sense as a synonym of "innocent". The terms, "technical conversion" and "innocent conversion", have been used synonymously. Wolfe v. Pennsylvania Company for Insurances on Lives and Granting Annuities, 322 Pa. 344, 346, 185 A. 292. But, in the light of the finding as a whole, what the court found was that, if the defendant dealt with the collateral in a manner violative of the plaintiff's rights as owner, it did so innocently, in good faith, and with no intent to ignore the owner's rights. And that, of course, is a finding of fact.

The plaintiff next contends that the lack of demand for payment and notice of sale obliterates any trace of bona fides in the defendant's conduct. In appraising the plaintiff's contention in this regard, it is helpful to note that in all of the cases which he cites *no* notice of any kind had been given. Here, the defendant made demand for payment and gave notice of the sale to the one (the father) who, he had every reason to believe, was responsible for the obligation and the real owner of the collateral. That, of itself, imports good faith and innocence of any wrongdoing on the part of the defendant in his sale of the collateral. In fact, on principles of agency it might even have been possible to conclude that there was no conversion at all in the instant case. But, in passing upon the action of the court below, we necessarily restrict ourselves to the nonerroneous findings of fact which the trial court made.

We have, therefore, a case of conversion which was committed innocently and in good faith. In such circumstances the plaintiff's right to recovery is limited to the market value of the converted property at the time of the conversion with interest to date of recovery. The defendant has fully met the requirement to so account. While the proceeds from the sale were sufficient to, and did, pay off the two notes, they were insufficient to pay the accrued interest also. There being no excess of proceeds to account for, the defendant is therefore not liable for further damages. The plaintiff's debt was credited with the proceeds of the sale. He therefore had recovery concomitantly with the sale and has

no claim for loss. Wolfe v. Pennsylvania Company, etc., supra, 322 Pa. at page 346, 185 A. 292, and cases there cited.

The instant case does not call for an application of the statutory measure of damages in Pennsylvania, under Act of April 10, 1929, No. 194, P.L. 476, 68 P.S. Pa. § 481, for a wilful conversion. "The provisions of the act [1929, cit. supra] are in derogation of the common law and must therefore not be extended beyond what is plainly expressed; they do not substitute for the common law a rule to the effect that one guilty of innocent or merely technical conversion—as distinguished from willful or negligent conversion—must pay or account for more than the market value plus interest, which was all the common law required in such case." Wolfe v. Pennsylvania Company, etc., supra, 322 Pa. at page 346, 185 A. at page 293. The plaintiff endeavors to render the rule in the Wolfe case inapplicable to the present on the ground that in that case there was no conversion and that this is evidenced by the failure, there, to allow interest. The plaintiff apparently overlooks that, in a case of innocent conversion, interest is allowable from the date of the conversion to the date of the owner's recovery and that crediting the owner's debt instanter with the amount realized from the sale constitutes immediate recovery. Hence, there is no interest to allow. The opinion in the Wolfe case addresses itself to the problem of conversion and the reasoning of the plaintiff fails to obscure the presence of that question or the rule of law respecting it as enunciated in the Wolfe case.

So much is sufficient for the purpose of determining that the action of the court below in entering judgment for the defendant was not error. The court also held, however, that demand for payment and notice of sale of collateral had been waived by the plaintiff by reason of the terms of his obligation, which was on a note form prepared by the bank. We refrain from expressing any opinion with respect to that question, purposely leaving its determination to a time when it will be material to the disposition of a case.

The judgment of the District Court is affirmed.