Felo et al. *v.* Kroger Grocery & Baking
Company, Appellant, et al.

Argued March 24, 1943. Before MAXEY, C. J.; DREW,
LINN, STERN, PATTERSON and STEARNE, JJ.

*Daniel H. McConnell,* for appellant (defendant, Kroger Grocery & Baking).

*Louis D. Cooper,* for appellee (defendant, Ehrler).

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* with him *Herbert Jacobson,* for appellees (plaintiffs).

OPINION BY MR. JUSTICE DREW, April 19, 1943:

These actions in trespass to recover damages for personal injuries sustained by Clara R. Felo and her three minor children, alleged to have been caused by the negligence of defendants, Kroger Grocery & Baking Company and Richard F. Ehrler, were instituted by Andrew and Clara R. Felo in their own right and by the former as guardian of the minor children. The jury returned verdicts against the Kroger company but in favor of Ehrler in each case. Motions for a new trial were filed by the Kroger company and, after argument, were discharged by the learned court below on condition that remittiturs be filed as to two of the verdicts. Plaintiffs duly filed remittiturs and judgments were entered for

them from which separate appeals were taken by the Kroger company which were argued together and will be disposed of in this opinion.

The jury, by its verdicts, found the facts to be as follows: On the night of September 21, 1940, at about eleven o'clock, a large trailer truck of the Kroger company was proceeding in a westerly direction on Route 22, a two lane highway, about fifteen miles west of Pittsburgh. Ehrler had been following this truck in his automobile for some time and, upon reaching a straightaway of some 600 to 700 feet, sounded his horn and started to pass. The operator of the truck, instead of permitting him to pass, increased his speed and Ehrler, seeing the lights of a vehicle approaching from the opposite direction as it rounded a curve in the road, started to fall back when the truck, suddenly coming over to the left towards him, struck the right front wheel of his automobile and caused him to lose control of it. Ehrler's automobile continued on for about seventy-five feet further and then crashed into the automobile that was approaching. That automobile was the one in which Mrs. Felo and her three young children were passengers, and it had been brought to a stop, or practically so, by its driver, Harry Holstein, at the time of this unfortunate accident. It was on the extreme right hand side of the road occupying but three feet of the cartway, the remainder being on the berm, when the crash came.

Barbara Jean Felo, one of the minor plaintiffs, a child of four years, was the most seriously injured, and her guardian claimed the sum of $15,000 as damages. She suffered a severe injury to the head with cerebral concussion and very extensive lacerations of the face, a laceration of the right arm and a greenstick fracture of the right radius and ulna. The disfigurement of her features seems to be of a permanent character, and she still suffers pains and nervousness as a result of the head injury. She was awarded $25,000 by the verdict of the jury, which sum the court below reduced to $17,500 on the condition that otherwise a new trial would be

granted, which condition was accepted. Mrs. Felo was also seriously injured; she suffered lacerations of both ankles, a severe brush burn and contusion of the left leg, and minor contusions of the body and shock. Her leg condition required suturing and drainage, she had to have medical attention for a period of well over a year, and she still experienced pains at the time of the trial. The jury awarded her $3,500 which was reduced by the court below to $1,500. There is no complaint as to the amount of damages awarded the other plaintiffs.

The Kroger company contends that a new trial should have been granted on the ground, inter alia, that its co-defendant, Ehrler, was guilty of negligence as a matter of law. This position, even if sustained, does not affect the rights of plaintiffs, for, as we said in *Trerotola v. Philadelphia*, 346 Pa. 222, 226-7: "Having secured a verdict against *one* of two alleged tort-feasors, the plaintiff should not be denied of his judgment because the court believes that the verdict should have been rendered against both of the alleged tort-feasors." Its contention is, however, that Ehrler violated section 1008 of the Act of May 1, 1929, P. L. 905, known as The Vehicle Code, as last amended by section 24 of the Act of June 27, 1939, P. L. 1135, in that his view was "obstructed within a distance of five hundred (500) feet ahead" at the time he attempted to pass its trailer truck. That situation does not exist in the instant case if we accept Ehrler's testimony, which was corroborated by that of other witnesses, as we must in view of the jury's verdicts in his favor. In addition, his conduct was not the proximate cause of the accident; it was the act of the truck driver in speeding up so he could not pass and in suddenly swerving to the left, that caused the truck to collide with his automobile, made him lose control and caused the collision between his automobile and the one operated by Holstein.

A new trial is also sought on the ground of after-discovered evidence. Subsequent to the trial, the deposition of one John J. Wagner was taken in an effort to

show that he had been driving another automobile directly in front of Ehrler just before the accident, contrary to Ehrler's testimony, that the two automobiles tried to pass the truck one after the other and that the accident happened because only the automobile which was first in line had time to do so. A careful reading of Wagner's deposition discloses that his testimony does not support the Kroger company's theory of the case, but that it is merely corroborative of the testimony given by Ehrler at the trial and most unlikely to produce a different verdict in the event a new trial would be granted. Further, it appears that the Kroger company could have produced this evidence at the trial had it made a diligent effort to do so, for Wagner was known to it at the time of the trial. As we said in *Hornick v. Bethlehem Mines Corp.*, 310 Pa. 225, 228, quoting from *Commonwealth v. Mellon*, 81 Pa. Superior Ct. 20, 25: "To entitle a defendant to a new trial on this ground [after-discovered evidence] the evidence must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted [Citing cases]."

There is merit in the contention of the Kroger company that the amount of the verdict awarded Barbara Jean Felo, as reduced by the court below, is excessive. We would not minimize the injuries which this child suffered as a result of this unfortunate accident. However, although the scars she presently bears are disfiguring, there is no testimony or claim that they render her unsightly. Plastic surgery, according to the testimony adduced at trial, can greatly improve her appearance and the passage of time may do so as well. Although we are loath to disturb the amount awarded by the jury as reduced by the court below, we are of opinion that the sum of $14,000 will fairly and justly compensate the minor plaintiff. This amount, with its accumulations

over the years until she is of age, will give her at that time a sum equal or greater than the amount awarded by the jury, which at this time would be very excessive. The fact that the jury awarded her a sum as damages which greatly exceeded the amount of damages she claimed in the *ad damnum* clause of her statement of claim does not justify the granting of a new trial. In this connection we held, in *Theisen v. Pittsburgh Rys. Co.*, 256 Pa. 475, that where the verdict greatly exceeded the amount claimed in the statement of claim, an amendment of the *ad damnum* clause before final judgment so that the amount claimed would exceed the verdict rendered by the jury was proper. Such a formal amendment should also be permitted on appeal: see *Gratz v. Phillips*, 5 Binn. 562, 570-71. The contention of the Kroger company that the verdict in favor of Mrs. Felo, as reduced by the court below, is excessive is without any merit.

Finally the Kroger company contends it should have a new trial because the charge of the learned trial judge was inadequate. A reading of the charge in its entirety shows that the positions of the plaintiffs and respective defendants were presented in a clear and impartial manner. All counsel were afforded ample opportunity to request specific instructions or a fuller discussion of the testimony. One additional instruction was asked and granted by the trial judge who gave to the jury his recollection of the testimony involved. A dispute arising as to the identity of the witnesses who gave this testimony, the trial judge offered to have it read to the jury. However, all counsel apparently felt that the matter had been sufficiently called to the attention of the jury, for the offer was not accepted. Having been given opportunity to remedy any defects or inadequacies in the charge, the Kroger company cannot now complain, under its general exception, if any still exist: *Marshall v. Erie Taxicab Co.*, 340 Pa. 241; *Medvidovich v. Schultz*, 309 Pa. 450.

The judgment for Barbara Jean Felo is reduced to $14,000 and, as modified, is affirmed; the other judgments are affirmed.