Seret, Appellant, *v.* Carbley et al.

Argued September 28, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*M. E. Evashwick,* of *Seif, Evashwick & Best,* for appellant.

*Carl W. Brueck,* for appellees.

PER CURIAM, October 31, 1944.

John Seret, plaintiff, a police officer, called upon defendant Jean S. Carbley, who, with his partner, is engaged in the garage business, to bring a tow-truck and move a car which had been illegally parked in front of a driveway in the Borough of East Pittsburgh. Carbley hoisted the front of the automobile and attached it to the truck by chains, the bumper of the automobile being on about the same level as the rear of the chassis of the truck. The distance between the two vehicles was estimated by Carbley at 6 to 8 inches and by Seret at 3 to 4 feet. Carbley, operating the truck, proceeded to move the vehicles from the curb, but in the middle of the street the motor stalled and he thereupon asked Seret and another officer to push the truck in order to take it out of the way of traffic. The other officer stationed himself on the left side of the truck directly in back of the cab but Seret stood at the right rear of the truck with his left hand on the back of the chassis. While the truck was being pushed Carbley engaged the clutch in order to start the motor and as he did so the suspended automobile lurched forward, the bumper striking Seret's hand and crushing it against the rear of the truck.

In this action for damages the jury returned a verdict for defendants. Plaintiff appeals on three grounds, the first of which is that the court failed to charge the jury on "proximate causation". The question of proximate or remote cause did not arise and is not applicable to the facts of the case. Moreover, plaintiff made no request for more specific instructions and therefore is not entitled to complain now because of an alleged inadequacy of the charge: *Marshall v. Erie Taxicab Co.*, 340 Pa. 241, 15 A. 2d 925; *Meholiff v. River Transit Co.*, 342 Pa. 394, 20 A. 2d 762; *Felo v. Kroger Grocery & Baking Co.*, 347 Pa. 142, 31 A. 2d 552.

The second reason assigned for a new trial is that defendants were guilty of "wilful negligence", thereby precluding the defense of contributory negligence. There

is no evidence whatever of wilful misconduct or wanton negligence. Carbley did not know or have any reason to know that Seret had placed his hand in a position of obvious danger and there is no basis for any imputation of wantonness or recklessness on his part.

The third reason is that the verdict was "against the evidence and against the law". There was practically no conflict in the testimony, and it was for the jury to draw from it the inference whether Seret or Carbley or both were negligent. Plaintiff is concluded by the verdict of that tribunal.

Judgment affirmed.