## Nicolosi v. Lycoming Hotel & Motor Lodge, Inc.

*Peter Campana*, for plaintiff.
*John Youngman, Sr.*, for defendant.

RAUP, *J.*, March 31, 1975—Plaintiff brought suit against defendant in trespass and assumpsit for the sum of $3,296.05, representing items owned by plaintiff and stored at an apartment he occupied in defendant's hotel. The trespass cause of action alleges that defendant was negligent in the care of the items, and the assumpsit action alleges breach of a common law duty as innkeeper to properly care for the items, as a result of which the items were lost. Defendant filed a counterclaim "in assumpsit," asking judgment against plaintiff in the amount of $19,343.35, representing items and sums belonging to defendant and allegedly converted by plaintiff to his use or benefit during the years 1968 through June 1974 while plaintiff was employed as manager of defendant company.

Plaintiff has filed preliminary objections to the counterclaim and those objections are now before the court.

Rule 1031 of the Pennsylvania Rules of Civil Procedure provides in pertinent part that:

"The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasicontractual."

The parties agree that subsection (1) is not applicable. Defendant, however, asserts that the counterclaim does arise from contract or is quasicontractual.

A counterclaim unrelated to plaintiff's action will be permitted if it arises out of contract or quasicontract: DeGasperi v. Valicenti, 198 Pa. Superior Ct. 455 (1962).

The issue presented is whether the cause of action alleged in the counterclaim is exclusively an action in trespass or whether it can be considered contractual or quasicontractual in nature.

The labelling of the counterclaim as "in assumpsit" is, of course, not controlling. The pleading does not suggest the existence of an express agreement by plaintiff to reimburse defendant for the various items. Nor are facts alleged which suggest that plaintiff impliedly agreed to make such reimbursement. If the counterclaim is to be permitted, it must be found to be quasicontractual in nature.

A quasicontract arises where the law imposes a duty upon a person, not because of any express or implied promise on his part to perform it, but in the absence of such an intent or in spite of an intention to the contrary: DeGasperi v. Valicenti, supra.

If an employe occupying a position of trust converts money and property of his employer to his own use and the use of groups of which he is a member, the law will impose upon that employe a duty to return to the employer the value of the money and items thus taken and converted. See Allegheny By-Product Coke Co. v. J. H. Hillman & Sons, 275 Pa. 191 (1922). Where an agent appropriates property to his own use, he is liable for the market value of the article at the time of its delivery to him: Wolfe v. Pennsylvania Co., 322 Pa. 344 (1936); Campbell & Setzer v. Clark & Melia, Inc., 150 Pa. Superior Ct. 635 (1942).

The counterclaim is therefore quasicontractural in nature and plaintiff's preliminary objections will be denied.

## ORDER

And now, March 31, 1975, plaintiff's preliminary objections to defendant's counterclaim are overruled and dismissed, with leave to said plaintiff to file an answer to the counterclaim within 20 days of the date of this order.