460 A.2d 1191

**Gary SULLIVAN**

v.

**CITY OF PHILADELPHIA, Appellant.**

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed May 27, 1983.

David T. Anderson, Assistant City Solicitor, Philadelphia, for appellant.

Jerome Gamburg, Philadelphia, for appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Plaintiff Sullivan filed a complaint in trespass naming appellant-City of Philadelphia (hereafter referred to as the City) as defendant. Involved was the confiscation of Sullivan's car which the city, subsequent to the seizure, was unable to locate. A panel of arbitrators found against the City and a timely appeal was taken to the Court of Common Pleas. The court sitting non-jury returned a verdict in favor of Sullivan. The City filed exceptions which were denied on December 4, 1980. The City thereafter appealed to this court.[1] The City raises four issues on this appeal.

I. Can a verdict be awarded in excess of the amount specifically pleaded?

The panel of arbitrators awarded appellee $2,800.00. In his complaint in the Court of Common Pleas appellee demanded judgment in the amount of $2,800.00. The trial court found in favor of plaintiff-appellee in the amount of $7,800.00. The different awards reflect different values of a 1965 Corvette at the different times of the respective proceedings. The City contends that without a formal amendment of the ad damnum clause, the higher award was improper. Appellee counters that the trial court correctly amended the proceedings to conform to the evidence.

---

1. Pursuant to a directive of this court, judgment was entered nunc pro tunc on August 24, 1982.

384

■ Amendment of the ad damnum clause is permissible at any point in the litigation. *Felo v. Kroger Groc. & Bak. Co.,* 347 Pa. 142, 31 A.2d 552 (1943); *Theisen v. Pittsburgh Rys. Co.,* 256 Pa. 475, 100 A. 994 (1917); *Ashbaugh v. Ashbaugh,* 167 Pa.Superior Ct. 368, 75 A.2d 13 (1950). See Pa.R.C.P. No. 1033. Furthermore such amendment may be made on the court's own motion. *Delgrosso v. Gruerio,* 255 Pa.Superior Ct. 560, 564 n. 6, 389 A.2d 119 n. 6 (1978). We find no error in this aspect of the court's award.

II. Could the court consider appellee's loss of use and the fact that the vehicle was a collector's item?

■ The City contends that the complaint alleged neither loss of use nor the special value of the vehicle therefore the court could not award damages for either.

After carefully reviewing the lower court's opinion, we find that the City incorrectly reads such opinion to award for loss of use. No mention of loss of use is made in the opinion. Apparently, the City is concerned over argument made in response to its argument that the upkeep and cost of maintenance should have been deducted from any award. The court countered that, then, loss of use should also be considered. (N.T. pp. 28–29). After the completion of the testimony, the trial judge reiterated her position to justify her disinclination to deduct for maintenance. (N.T. p. 47). The court instead based its awards on the fact that the vehicle was of special interest of fluctuating value and, therefore, should be valued higher.

As to the second prong of the argument the contention goes not to whether the vehicle should be considered as a collector's item but to the date of valuation. The value of a vehicle, whether of special interest or not, will change with time. Thus this argument merges with the City's fourth contention.

III. Was testimony concerning the circumstances surrounding the appellee's arrest irrelevant as to the City's failure to return the automobile?

■ Appellant-City failed to raise this contention in its written post-trial motions, therefore it has not been pre-

served for our review. *Nord v. Devault Contracting Co., Inc.*, 460 Pa. 647, 334 A.2d 276 (1975).

**IV. At what date should the Corvette have been valued?**

 Appellant contends that as the current action was brought in trespass the measure of damages should be predicated on the date of conversion or destruction. Support for such a position may be found in numerous cases. *Universal Computer Systems v. Allegheny Airlines*, 479 F.Supp. 639, 645 (M.D.Pa.1979); *Denby v. North Side Carpet Cleaning Co.*, 257 Pa.Superior Ct. 73, 82, 390 A.2d 252 (1978); *Diesel v. Caputo*, 244 Pa.Superior Ct. 195, 205, 366 A.2d 1259 (1976); and *Withrow v. Walker*, 41 Pa.Superior Ct. 155 (1909). The trial court finding that the loss of the vehicle resulted from the City's wanton negligence [2] and that the property was of fluctuating value, valued the car as of the date of trial. In compensating for the conversion of items of fluctuating value, a court may base an award on a market value other than that at the time of conversion. *Wolfe v. The Pennsylvania Co.*, 322 Pa. 344, 185 A. 292 (1936), and *Foley v. Wasserman*, 319 Pa. 420, 179 A. 595 (1935). See also 68 P.S. § 481; substantially reenacted at 42 Pa.C.S. § 8335. We disagree with the lower court's reasoning.

The trial court discussed both the Restatement, Restitution § 151 (1937) and the Restatement, Second, Torts, § 927. We will do likewise here.

The Restatement, Restitution § 151 (1937) reads as follows:

> Where a person is entitled to a money judgment against another because by fraud, duress or other consciously tortious conduct the other has acquired, retained or disposed of his property, the measure of recovery for the benefit received by the other is the value of the property at the time of its improper acquisition, retention

---

**2.** We need not address the court's emphasis on wanton negligence since the court clearly rested its holding on its finding of fluctuating value.

or disposition, *or a higher value if this is required to avoid injustice where the property has fluctuated in value* or additions have been made to it.

(Emphasis supplied). The Restatement, Second, Torts, § 927 provides:

Conversion or Destruction of a Thing or of a Legally
Protected Interest in it

(1) When one is entitled to a judgment for the conversion of a chattel or the destruction or impairment of any legally protected interest in land or other thing, he may recover either

(a) the value of the subject matter or of his interest in it at the time and place of the conversion, destruction or impairment; or

(b) *in the case of commodities of fluctuating value customarily traded on an exchange* to which traders customarily resort, *the highest replacement value of the commodity within a reasonable period* during which he might have replaced it.

(Emphasis supplied).[3] The trial court relying on both restatements to justify its award of damages, awarded them as of the time of trial. Neither the parties, nor the court have addressed the Act of April 10, 1929, 68 P.S. § 481, which has been substantially reenacted at 42 Pa.C.S. § 8335. This Act is very pertinent to the question at hand and in its current form reads as follows:

Damages for the conversion of stocks, bonds, or other like property of fluctuating value shall be limited to the difference between the proceeds of the conversion, or that portion thereof duly paid or credited to the owner, and such higher value as the property may have reached within a reasonable time after he had notice of the

3. As adopted May 19, 1977. Subsection (a) previously read "the value ... at the time and place of the conversion, destruction or impairment, or a different value where that is necessary to give just compensation." (Emphasis supplied). As the lower court rested its decision on "fluctuating value" we need not address the effect of the 1977 revision.

conversion. Where the facts are not in dispute, such period shall be fixed by the court as a matter of law. 1976, July 9, P.L. 586, No. 142, § 2, eff. June 27, 1978.

We do not believe it was the intent of the respective promulgating bodies to include motor vehicles within the scope of "commodities of fluctuating value." While § 151 of the Restatement of Restitution does not define such term, the illustrations following comment (c) which deals with fluctuating values, use shares of stocks in the examples. The Restatement of Torts goes into greater detail. Subsection (1)(b) refers to property customarily traded on an exchange. Comment (e) then refers to property "customarily traded on public exchanges, such as stocks, bonds, and other securities, or fungible goods such as grains, cotton, oil and the like." 42 § 8335 statutorily provides for damages for the conversion of property of fluctuating value. That legislation refers to "stocks, bonds, or other like property of fluctuating value." While there was testimony, supported by admitted exhibits, which demonstrated that several similar vehicles had recently been sold at a well known and respected auction, such is distinguishable from the above examples. All of the cases which we have reviewed concerning such property, which have reviewed either or both restatements and the above act, dealt with securities.

An automobile is neither in the same class of property as securities nor is it fungible goods whose value regularly fluctuates. Webster's New Collegiate Dictionary (1980) defines fluctuate as: "to ebb and flow in waves"; "to shift back and forth uncertainly." Appellant's own case demonstrates that a Corvette does not fall into the above definition. Mr. Sullivan testified himself that the value of a Corvette goes up; not up and down. (N.T. p. 24). Nor was appellee's proof able to show that such car is fungible. Exhibits P–6 and P–7 were sales listings from the Manheim Auto Auction; they listed a 1967 Corvette hardtop and a 1966 and 1967 Corvette Convertible. Appellee's was a 1965 convertible; his testimony was that his car was not compa-

rable to those listed in the sales sheets. (Id. at 30). Appellee merely succeeded in demonstrating that the corvette car *appreciated* in value, as distinguished from fluctuated in value.[4]

 For the above reason we find it necessary to reverse the order of the court below and to remand for a new trial on the issue of damages. Value shall be assessed at the time of conversion. In the circumstances of this case conversion should be deemed to have occurred at the point in time when Mr. Sullivan demanded the return of his Corvette and the City was either unwilling or unable to return the vehicle. See, *Baram v. Farugia*, 606 F.2d 42, 43–44 (3rd Cir.1979); *Universal Computer Systems v. Allegheny Airlines*, 479 F.Supp. 639, 644 (M.D.Pa.1979); and *Norriton East R. Corp. v. Central-Penn N.B.*, 435 Pa. 57, 61, 254 A.2d 637 (1969).

Because the trial court fairly determined liability[5] and the question of the amount of damages is easily separable from the determination of liability, we grant a new trial limited to the issue of damages. See *Denby*, supra, and the cases cited therein. Therefore we remand this case to the trial court to consider all evidence relevant to the determination of the value at the time of conversion.[6]

**4.** Even if we were inclined (which we clearly are *not*) to find that a vehicle was of fluctuating value, an injured owner would only have, for purposes of calculating damages, a reasonable period, from the date he receives knowledge of the conversion, to acquire a replacement. *Foley*, supra. Comment (c) to the Restatement of Restitution, § 151, The Restatement of Torts, § 927, as well as 42 Pa.C.S. § 8335 all limit the valuation date to within a reasonable time from conversion, or knowledge thereof. A date 7 years after the impoundment of appellee's car is not reasonable. See *Yohey v. Burton*, 139 Pa.Superior Ct. 393, 11 A.2d 794 (1940) (3 days); *Rhodes v. Peoples-Pittsburgh Trust Co.*, 89 P.L.J. 585 (1942) (one year).

**5.** The City of Philadelphia did not present a defense but instead relied upon its cross-examination of appellee's witness. We do not believe it would be fair to now allow the City to actively present a defense.

**6.** The lower court, by way of dictum, discussed delay damages, (See *Marrazzo v. Scran. Nehi Bot. Co. Inc.*, 438 Pa. 72, 263 A.2d 336 (1970)) but did not award any as appellee did not request them. The City notes, as the lower court did, that appellee did not except to the lack

Order and judgment are vacated and the record is remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

of delay damages. Therefore we need not address the question whether damages for delay should or could have been awarded.