James S. Biery, Trustee of Elizabeth P. Steckel, *v.* Edmund F. Steckel, Appellant.

194      445
19 SC  398
194      445
f 32 SC  356

*Husband and wife—Deed of separation—Judgment—Mortgage.*

Where a husband by articles of separation covenants to pay to a trustee a certain sum per month for the use of his wife and minor daughter during the wife's life, or as long as the parties are separated, and executes a bond and mortgage to secure the performance of the covenant, he cannot, after the marriage of his daughter, reduce the allowance to his wife, nor can he, after judgment has been entered upon the bond for default, and proceedings have been going on for five months, have the proceedings set aside by a tender of the full amount of the unpaid instalments.

Argued Jan. 30, 1899. Appeal, No. 389, Jan. T., 1898, by defendant, from order of C. P. Lehigh Co., Nov. T., 1896, No.    , discharging rule to open judgment. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment. Before ALBRIGHT, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order discharging the rule.

*Edward Harvey* and *William H. Sowden,* for appellant.—The articles of separation, that are a part of the record, are enforceable in equity and binding upon the parties thereto. When fairly made, and upon adequate consideration, the courts here, and in England, always sustain them upon equitable principles : Dillinger's App., 35 Pa. 357; Hutton v. Hutton, 3 Pa. 100; Scott's App., 147 Pa. 102.

A liberal construction should be put upon written instru-

BIERY v. STECKEL.

ments to carry into effect the intention of the parties: Broom's Legal Maxims, 540; Williamson v. McClure, 37 Pa. 402.

The intention was to provide for a stipulated yearly maintenance for the wife, payable monthly, and the bond was given in a penal sum to secure the purpose: Streeper v. Williams, 48 Pa. 450; March v. Allabough, 103 Pa. 335; Wilkinson v. Colley, 164 Pa. 35; Astley v. Weldon, 2 B. & P. 354.

Equity never, under any circumstances, lends its aid to enforce a forfeiture or penalty or anything in the nature of either: Marshall v. Vicksburg, 15 Wallace, 146.

*James S. Biery*, for appellee.—There can be no doubt that the articles of separation, the bond and the mortgage, all having been executed and entered into at the same time, and in consideration of the same subject-matter, constitute one contract, and each and every one of them constitutes an essential part of that contract.

We contend that all the words in each and all of the three instruments expressive of the real intention and meaning of the parties must be considered, and force and effect given to them if not inconsistent: Williamson v. McClure, 37 Pa. 402; Barton v. Fitzgerald, 15 East. 541; Hazleton Coal Co. v. Buck Mountain Coal Co., 57 Pa. 313.

OPINION BY MR. JUSTICE MCCOLLUM, January 29, 1900:

Edmund F. Steckel instituted in the court of common pleas of Lehigh county to November term, 1896, proceedings for a divorce from his wife, Elizabeth P. Steckel. The proceedings were not far advanced when the libellant's counsel made overtures for a settlement between the parties. The basis of the settlement proposed was a separation, the terms of which were incorporated in the articles and the bond and mortgage. These instruments were dated and executed at the same time, and constituted the contract. They were prepared by the libellant's counsel, approved by the parties and properly executed. In and by the contract aforesaid, James S. Biery was made trustee for Elizabeth P. Steckel, and to him Edmund F. Steckel was to pay for the use of his wife and minor daughter the sum of $300 per year, payable in monthly instalments during the natural life of the said Elizabeth P. Steckel or so long as they lived separate and

apart from each other. The bond and mortgage were executed by the husband to secure the performance of his covenants in the articles of separation. The sum named in the bond was $2,000, and it was provided therein that if the payments were made each and every year during the lifetime of his wife, in accordance with the terms and provisions of the articles of separation, and without fraud or further delay, "then the obligation to be void or else to be and remain in full force and virtue." It was also provided in the bond that if at any time the obligor defaulted in the payment of any of the monthly instalments for the space of fifteen days after the same matured, then and in such case the said sum of $2,000 "shall, at the option of the trustee, become due and payable immediately, and payment of the same, with all interest thereon, may be enforced and recovered at once."

Under the articles of separation Elizabeth P. Steckel moved separate and apart from her husband, and from the day of her removal the monthly payments began to run. The payments, in conformity with the articles, were made at the end of each month until January 13, 1898, when the obligor tendered to the trustee $15.00, or three fifths of the sum which was then due, and he had covenanted to pay.

The alleged cause of his refusal to pay the monthly instalments of $25.00 at the end of each month was that his minor daughter was no longer a charge upon her mother because she had married and gone to housekeeping with her husband. The trustee declined to accept the tender and insisted upon compliance with the plain provisions of the contract, while the obligor persisted in his refusal to pay the instalments the contract called for. The result was that, on February 1, 1898, the bond and warrant were filed and judgment was entered thereon. A fi. fa. was issued on which a levy upon personal property was made. The obligor then filed a petition to strike off the judgment and stay the writ. On February 7, a rule to show cause was granted and writ stayed until further order, lien of judgment to remain. March 3, 1898, answer to obligor's petition filed. Depositions were taken and upon them and the petition and answer the rule was argued June 10, 1898. The opinion of the court was filed on July 4, 1898, and the following decree was entered: "July 4, 1898, it is adjudged that Elizabeth

P. Steckel is entitled to be paid out of any moneys realized on the judgment in this case, $25.00 each month from and including January, 1898 (due on the 13th day of each month), with five per cent commission for collection, additional on each of such instalments, so long as she lives, and lives separate and apart from her husband, Edmund F. Steckel; that all moneys realized by the trustee plaintiff on this judgment shall be applied to pay said sums, and not otherwise; any money that may be in said trustee's hands beyond what is due to said Elizabeth P. Steckel, as aforesaid, when said parties cease to live separate, or at the time of the decease of said Elizabeth P. Steckel, to be paid to said Edmund F. Steckel, or his legal representatives; the rule to strike off or open the judgment is discharged at the cost of the defendant; the order staying execution is recalled." The decree is included herein because it very clearly stated and carefully guards the rights and interests of the parties concerned. There is no room in it for doubt or uncertainty respecting its meaning, and it faithfully enforces the contract as the parties made it.

There is no ground whatever for the obligor's contention that the marriage of his daughter reduced his liability upon the contract from $25.00 per month to $15.00 per month. It is a contention flatly opposed to the plain provisions of the articles of separation and the equally plain mandate of the bond which was prepared by his own counsel and approved and executed by him. The other contention that, notwithstanding the provisions in the bond which authorizes the collection of the principal sum of $2,000 in case of default in payment of the monthly instalments for a period of fifteen days, he could, by a tender of the amount of the instalments unpaid for a period of six months, set aside the proceedings pending for at least five months, is equally without merit.

We are not convinced that the court below erred in any of the rulings complained of in the seven specifications of error filed in the case.

Judgment affirmed.