# S. Jarvis Adams Company, Appellant, *v.* Knapp.

*Equity—Foreign jurisdiction—Decree of court of other state not enforceable in Pennsylvania.*

A court of equity in Pennsylvania is without power to enforce any but its own decrees. It cannot adjudge the decree of any other court binding, or punish for the violation of any decree except its own.

*Equity—Contract—Injunction—Restraint of trade.*

Where a person resident in another state was enjoined by a federal court from engaging in the manufacture of certain specialties in violation of a contract, and subsequently such person removes to this state, and engages in the manufacture of such specialties, a court of equity in this state on evidence sufficient to overcome a responsive answer of denial, will enjoin such manufacturing; and it will do this under its general equity powers and under a general prayer for relief, and not with the intent to enforce the decree of another court.

568     S. JARVIS ADAMS CO., Appellant, *v.* KNAPP.

Argued Nov. 2, 1905. Appeal, No. 200, Oct. T., 1905, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1905, No. 169, on bill in equity in case of The S. Jarvis Adams Company v. Sanford A. Knapp. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before YOUNG, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Thomas Patterson*, of *Patterson, Sterrett & Acheson*, for appellant.

*W. K. Shiras*, with him *C. C. Dickey*, for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1906:

The appellant, a corporation of this state, doing business in the city of Pittsburg, obtained a decree in the circuit court of the United States for the southern district of Ohio awarding an injunction against the appellee, then a resident of the state of Ohio, enjoining and restraining him from directly or indirectly engaging in the manufacture of certain specialties, described in the decree, in that particular part of the United States east of a line drawn north and south from the city of Denver, Colorado.

The present bill averred that the defendant in that proceeding, and appellee here, had removed from the state of Ohio and had become a resident of the city of Allegheny in this state, and was there engaged in the manufacture of the several articles he was enjoined against manufacturing by the decree aforesaid. It prayed: (1) that an injunction issue enjoining and restraining him from violating the terms of the decree and injunction of the said circuit court, in accordance with the terms therein; (2) that the decree of the said circuit court be decreed to be binding upon the defendant as fully to the same extent as it could or would be within the jurisdiction of the said circuit court; (3) that the defendant be required to purge himself of his said contempt of the decree of said circuit court,

and to make such amends for his violation thereof as may be just and proper; (4) for such other and further relief as the case may require and seem proper.

To this bill an answer was filed, admitting every averment set out, except that charging defendant with being at that time engaged in the manufacture of the articles mentioned and against the making of which he was enjoined. Upon issue joined testimony was taken, and upon final hearing, the bill was dismissed, on the ground that but one witness having testified to the violation of the terms of the decree, this testimony did not overcome the responsive answer of the defendant.

This view of the case overlooks the facts and circumstances disclosed in the testimony, or fails to allow them their proper significance, in support and corroboration of the testimony offered on behalf of the plaintiff.    Defendant is employed as a workman in the mills of the Monongahela Casting Company, whose business is the manufacture of car wheels and pipe balls. Three fourths of the entire product of the mill consists of pipe balls; and these are the specialty which the defendant agreed with the plaintiff he would not manufacture or engage directly or indirectly in producing.    While the several specialties are manufactured on different machines, the work in connection with all of them is done under the same roof, and in the same room, where no one is admitted but those employed. The general superintendent of the mill receives an annual salary of $1,200; whereas the defendant, a subordinate, exercising no control or authority, unless it be that of a foreman, is paid a salary of $2,500.    Considering that defendant's contract with the plaintiff prohibits him from engaging directly or indirectly in the manufacture of pipe balls, the circumstances above referred to—for which he himself is responsible, since his employment in this particular establishment is a matter of his own pleasure—make his conduct more than equivocal; they establish a prima facie case against him, and the burden is upon him to overcome it.    They are strongly corroborative of the plaintiff's witness.    Allowing them their due weight, in connection with this testimony, we are of opinion that a proper case is made out for equitable interference. The specific relief asked for in the bill could not be given, for the reason that the court is without power to enforce any but

its own decrees; nor can it adjudge the decree of any other court binding, or punish for the violation of any except its own; but under the general prayer for relief, the court could have enjoined the defendant against violating his agreement with the plaintiff, not to engage, directly or indirectly, in the manufacture of pipe balls, or other specialties which he had agreed not to manufacture; and this much relief we think the plaintiff was entitled to under the evidence submitted.

The decree in this case is reversed at the cost of defendant; the bill is reinstated with instructions that an injunction issue, enjoining and restraining defendant from engaging, directly or indirectly, as an individual or partner, or as a stockholder, director or officer of any corporation, limited partnership or other concern, or, as an employee of any corporation, limited partnership or other concern, or any person or persons whatsoever, in the manufacture or sale of pipe balls, bell dies, long dies, or angle boxes, being the specialties mentioned in the bill of complaint in this case, for or during the term of years ending November 12, 1910.