## Adams *v.* Adams, Appellant.

*Husband and wife—Agreement of separation—Support—Equity—Specific performance.*

A valid agreement may be made for an actual and immediate separation between husband and wife, if made upon reasonable terms, and actually carried into effect by both parties in good faith; and equity has jurisdiction specifically to enforce the terms of such an agreement.

Where a husband and wife, having four children, enter into a written agreement to separate, and the husband in the agreement covenants to pay a certain amount per month for the support and maintenance of the wife and children, the husband cannot, years afterwards, refuse to pay the amount stipulated to the wife for the reason that "the four children are now of mature years, and installed in lucrative positions," and that the sum named is not now needed for the support of the wife.

Argued Oct. 9, 1906.    Appeal, No. 44, Oct. T., 1906; by defendant, from decree of C. P. No. 4, Phila. Co., Sept. T., 1905, No. 3,381, on bill in equity in case of Louisa Adams v. William H. Adams.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Bill in equity for specific performance.

The averments of the bill and answer sufficiently appear by the opinion of the Superior Court.

The case was heard on bill and answer.

*Error assigned* was decree of specific performance.

*James M. Dohan*, with him *Milton M. Cohen*, for appellant.
—Where compensation in money will afford a party complete

and efficient relief the law is usually adequate for that purpose, and the plaintiff will be relegated thereto, if the legal remedy is unimpeded: Roland v. Lancaster County Nat. Bank, 135 Pa. 598; Sanderson v. Witmyer, 8 Pa. Dist. Rep. 312; Wistar's App., 80 Pa. 484.

The plaintiff has an adequate remedy at law in assumpsit for money damages; or in proceedings against her husband for nonsupport under the act of 1867.

*W. H. Redheffer*, for appellee—When a party has undertaken absolutely to do a thing, he is not excused from liability by the occurrence of events which render the performance of his promise impossible.

Equity will enforce a contract of separation when it is reasonable and where it has been consummated: Hutton v. Duey, 3 Pa. 100–105; Hitner's App., 51 Pa. 110–118; Walsh v. Kelly, 34 Pa. 84; Smith v. Knowles, 2 Grant, 413; Speidel's App., 107 Pa. 18; Scott's Est. (2), 147 Pa. 102; Biery v. Steckel, 194 Pa. 445; Frank's Est., 195 Pa. 26.

OPINION BY ORLADY, J., February 25, 1907:

The parties hereto were married December 21, 1876, and from that date until May 19, 1893, they lived and cohabited together as man and wife. On the latter date by reason of disputes and differences they entered into a written contract providing for their living separate and apart from each other. The clause in the articles of separation which is the subject of this controversy is as follows: " And further that he, the said William H. Adams, shall and will well and truly pay, or cause to be paid unto her, his said wife, for and towards her and the children's better support and maintenance the monthly sum of $60.00, free and clear of all charges and deductions whatever; the first monthly payment thereof to be made on the 16th day of June, 1893, and at the end of every month thereafter thence next ensuing as the same shall grow due and become payable." The husband paid the sum stipulated as it became due until August 16, 1905, and then refused to make further payments.

A bill in equity was filed by the wife, in which she prayed for specific performance of the terms of the contract, and after hearing on bill and answer the court made a decree against

the husband for the arrearages due at that date, $360 and directed that the future payments be made according to the stipulations of the agreement.  The answer avers that a number of payments for the education and clothing of the four children were made by the husband in excess of the monthly sum named, and declares a willingness to make such payment to the wife for her own present support, as to his circumstances and her surroundings shall be deemed meet and proper.

It is now firmly settled in this state that a valid agreement may be made for an actual and immediate separation between husband and wife, if made upon reasonable terms and actually carried into effect by both parties in good faith, and when so made such deed is a bar to a proceeding commenced by the wife under the Act of April 13, 1867, P. L. 78, to compel her husband to support and maintain her: Commonwealth v. Richards, 131 Pa. 209 ; Scott's Estate, 147 Pa. 102; Irvin v. Irvin, 169 Pa. 529; Kaiser's Estate, 199 Pa. 269; Commonwealth v. Smith, 200 Pa. 363 ; Commonwealth v. Hollinger, 16 Pa. Superior Ct. 199; Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619.

For twelve years the husband recognized the binding effect of his covenant.  That he voluntarily added to his monthly obligation in payments for the children is evidence of his parental interest in and affection for them, but the terms of the contract were not affected by such payments.  The only reason now urged is that under the present conditions the terms are unconscionable for the reason that " the four children are now of mature years and installed in lucrative positions," and that the sum named is not now needed for the support of the wife. These elements were proper for their consideration when the contract was made and should have been anticipated.  If, when the sum was agreed upon it was a reasonable one for the proper care and maintenance of the mother and four children, it does not follow that it is not so now, inasmuch as her added years may have materially lessened her capacity to do for herself as well as increased her personal necessities.  However, we have nothing to do with this phase of the case as it is not intimated that the terms were not fair when mutually agreed upon and they have been complied with for twelve years without objection.  No fraud, coercion or concealment on the part

of the wife is suggested by the husband, and if the bargain is a hard one under the present conditions, it is one of his own making and he must be held to its performance: Biery v. Steckel, 194 Pa. 445; Frank's Estate, 195 Pa. 26. The jurisdiction of the court below to entertain the bill to give the plaintiff such relief as the facts may warrant, is settled by Heckman v. Heckman, 215 Pa. 203.

The decree is affirmed.