## Commonwealth v. Pengelly.

*Husband and wife—Agreement of separation—Bar to proceeding for support under Act of April 13, 1867.*

An agreement between husband and wife to live separate and apart, accompanied by or embracing as a part of its terms a reasonable provision for the wife's support, if not fraudulently procured, if based upon a good consideration, if reasonable in its terms and actually carried into effect and performed by both parties, which has not become null and void by acts of the parties (by reconciliation, waiver or abandonment), is a bar to a proceeding for support instituted by the wife in the Quarter Sessions, under the Act of April 13, 1867, P. L. 78.

Rule to show cause why the order for support heretofore entered shall not be vacated. Q. S. Berks Co., June Sess., 1924, No. 160.

*George Eves*, for defendant and rule; *John B. Stevens*, for Commonwealth.

BERTOLET, J.—The defendant's wife has made complaint against him for desertion and failure to support her. The case was heard on May 24, 1924, and an order was made on the defendant to pay the complainant $60 per month. Subsequently he presented his petition, asking that the order be revoked because he and his wife had, on Oct. 31, 1908, entered into an agreement of separation. Upon this petition a rule was granted to show cause why the order should not be revoked, and the rule is now to be disposed of.

The testimony taken at the time the order of $60 a month was made and upon the hearing on the rule shows the following facts:

On Oct. 31, 1908, an agreement was entered into between the defendant and the complainant, which recited: "Whereas, divers unhappy differences have of late existed between the said James H. Pengelly and Katie W. Pengelly, in so much that they have mutually agreed to live separate and apart from each other; and whereas, the said Katie W. Pengelly has consented to execute this agreement upon receiving from her husband the following consideration in property, as well as the covenants and promises for future support herein-

after more fully set forth," and then provided that the defendant was to convey to the complainant in fee, clear of all encumbrances, a house and lot, No. 1224 Eckert Avenue, Reading (the existing mortgage of $1500 thereon to be paid off by the defendant not later than Nov. 1, 1912); to give her all the household goods and effects in the house, and "the said James H. Pengelly hereby agrees to pay unto his said wife, Katie W. Pengelly, the sum of $25 upon the 15th day of each and every month for her support and maintenance, commencing with the 15th day of November, A. D. 1908."

The real estate was conveyed, the household effects were transferred, the monthly payments for her support and maintenance were paid by the defendant to the complainant, and the parties thereafter continued to live separate and apart.

On May 15, 1910, a second agreement was entered into which in every particular republished the terms of the previous agreement, but the sum to be paid monthly was reduced to $20.

In 1919 the complainant began proceedings for support under the Act of April 13, 1867, P. L. 78, one of the reasons being the failure of the defendant to fully pay off the mortgage on No. 1224 Eckert Avenue. Before hearing, a third agreement, dated March 1, 1919, was entered into, and upon its execution and payment by the defendant of the balance due on the mortgage, the proceedings were withdrawn. This agreement recites: "Whereas, the said James H. Pengelly and Katie W. Pengelly have for some years been living separate and apart from each other; and whereas, the said James H. Pengelly is legally liable for the support and maintenance of his said wife, Katie W. Pengelly, and the said parties have agreed upon a definite monthly payment to be made by the said James H. Pengelly therefor," and provides "that in consideration of the premises and in discharge of the aforesaid liability, the said James H. Pengelly does hereby covenant, promise and agree to and with the said Katie W. Pengelly to pay unto the said Katie W. Pengelly the sum of $35 upon the 15th day of each and every month for her support and maintenance, commencing with the 15th day of March, 1919."

The notes of testimony do not show the defendant's financial situation, the value of No. 1224 Eckert Avenue, or of the furniture in it, as of the date of the various agreements. That taken at the first hearing, but not reported stenographically, referred to the present and showed that now the real estate is worth upwards of $10,000, that the defendant owns two other properties, a half interest in a printing business, and has an income of $4000 to $5000 a year.

The complainant, while contending that the March 1, 1919, agreement is not supplementary to the earlier ones nor intended so to be but is a new and independent contract, says that, even though the three must be taken together, she is not thereby barred from proceeding for support in the Quarter Sessions under the Act of 1867, because it nowhere appears that by these agreements she unequivocally released the defendant from his legal liability for her support, citing Com. *v.* Barnickel, 22 Lacka. Jurist, 17 (1920).

The defendant takes the position that the agreements are a bar to these proceedings, and cites Com. *v.* Richards, 131 Pa. 209, and Adams *v.* Adams, 32 Pa. Superior Ct. 353, as conclusive authorities on the subject.

In my view, the three agreements must, not only by their terms, but under the testimony of Mr. Wolff, who represented the defendant at the time, be taken together, and, so taken, they doubtless constitute a valid separation agreement with a provision for the complainant's support. The main question is whether, in the absence of what the complainant refers to as an

unequivocal release by her of all claim against the defendant for support, they constitute a bar to proceedings under the Act of 1867.

The rules of law applicable to cases of this character are discussed in Com. v. Richards, 131 Pa. 209, and Adams v. Adams, 32 Pa. Superior Ct. 353; Com. v. Smith, 13 Pa. Superior Ct. 358; Com. v. Hollinger, 16 Pa. Superior Ct. 199; Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619; Shimp v. Gray, 41 Pa. Superior Ct. 542; Scott's Estate, 147 Pa. 102; Com. v. Smith, 200 Pa. 363; Com. v. King, 37 Pa. C. C. Reps. 635; Com. v. Hilton, 33 Lanc. Law Rev. 121; Com. v. Witsch, 33 Lanc. Law Rev. 274; and Com. v. Barnickel, 22 Lacka. Jurist, 17. Without going into a tedious and unnecessary recapitulation of all the authorities, these rules appear to be that an agreement between husband and wife to live separate and apart, accompanied by or embracing as a part of its terms a reasonable provision for the wife's support, if not fraudulently procured, if based upon a good consideration, if reasonable in its terms, and actually carried into effect and performed by both parties, and which has not become null and void by the acts of the parties (by reconciliation, waiver or abandonment), is a bar to a proceeding for support instituted by the wife in the Quarter Sessions under the Act of 1867, and whether these conditions exist in any particular case must always be, on all the facts as developed, for the court below; and the reasonableness of the provision for the wife seems, under Adams v. Adams, 32 Pa. Superior Ct. 353, to be confined to the time when the agreement was made.

While in many of the cases mentioned the separation agreement provided for the release of the husband's liability for support, the absence of such a provision, excepting in Com. v. Barnickel, 22 Lacka. Jurist, 17, has not, as I recall the decisions, been the controlling factor moving the court to refuse to accept the agreement as a bar to proceedings under the Act of 1867. If, however, the inquiry has disclosed that, with reference to her maintenance and support, the wife was overreached when the agreement was made, that it was unreasonable in its terms, that the husband has not paid what he agreed to pay, and the like, the courts have not hesitated to make an order.

The complainant and defendant here have agreed to live separate and apart, and by their signed writings a not unreasonable provision was made for the former's support and maintenance. The terms were a transfer to the complainant of a valuable dwelling, the furniture in it, and, as now provided, payment by the defendant of $35 a month, in discharge of his legal liability for the support and maintenance of the complainant. If a release by the complainant of her right to support is essential, the words "in discharge, etc.," contained in the third agreement, are very significant. The defendant, at the time these proceedings were brought, had carried out his part of the arrangement. Apparently, under the decisions, the complainant is required to do the same. Assuming the correctness of these views and the applicability of the rules expressed to the facts of the case, it follows that the following order must be made:

And now, July 26, 1924, the rule to show cause why the order made May 24, 1924, directing the defendant, James H. Pengelly, to pay $60 per month for the support of his wife, Katie W. Pengelly, should not be vacated is made absolute, and said order is hereby vacated, to which action the complainant excepts and such exception is hereby noted.

From Wellington M. Bertolet. Reading, Pa.