## Commonwealth ex rel. v. Clarke

*William T. Connor*, for relator.
*Joseph Sharfsin*, for defendant.

SHMIDHEISER, J., January 2, 1940.—This is a petition to reduce or modify an order of support entered in this court against the above husband-respondent. According to the record, the order was entered on July 25, 1935, by Rosen, J., which was the day the matter was to be heard by the court, and the amount fixed at $225 a month by agreement of the parties. Respondent has substantially complied with the order and now seeks "to have the order reduced as he is no longer in business, has not been for over a period of one year, and is without means to pay the present amount of the order".

The wife resists the prayer of this petition, and preliminarily raises an interesting question of law, "whether an order for support based upon an agreement for support mutually entered into between the parties thereto

may be reduced or modified without the mutual consent of the parties to the agreement". She contends that this court is without power to reduce or modify the order because it was entered by agreement.

We cannot agree with this conclusion. The authorities cited by the wife's counsel have no bearing upon the facts in this case. They deal with agreements of separation and as to such agreement the law is well established. In Adams v. Adams, 32 Pa. Superior Ct. 353, 355 (1907), it is succinctly stated:

"It is now firmly settled in this state that a valid agreement may be made for an actual and immediate separation between husband and wife, if made upon reasonable terms and actually carried into effect by both parties in good faith, and when so made such deed is a bar to a proceeding commenced by the wife under the Act of April 13, 1867, P. L. 78, to compel her husband to support and maintain her. . . . The only reason now urged is that under the present conditions the terms are unconscionable for the reason that 'the four children are now of mature years and installed in lucrative positions,' and that the sum named is not now needed for the support of the wife. . . . However, we have nothing to do with this phase of the case as it is not intimated that the terms were not fair when mutually agreed upon and they have been complied with for twelve years without objection. No fraud, coercion or concealment on the part of the wife is suggested by the husband, and if the bargain is a hard one under the present conditions, it is one of his own making and he must be held to its performance: Biery v. Steckel, 194 Pa. 445; Frank's Estate, 195 Pa. 26."

We are in agreement with these views, but how do they control the case before us? We are not confronted here with an agreement of separation. As we see it, the parties here agreed upon two things: (1) That there should be an order; and (2) that the amount be fixed at $225 a month beginning August 1, 1935. This agreement made unnecessary protracted litigation and the examination and cross-

examination of the parties and witnesses. If the parties had not reached an agreement, it would have been the court's duty to hear the witnesses, appraise the evidence, and enter a decree thereon. The case was listed for trial on July 25, 1935, but the hearing was obviated when the parties agreed that a support order in favor of the wife be entered in the stated amount. That a decree entered by consent has the same force and effect, but is no more sacred than the ordinary judgment entered after litigation, cannot now be disputed.

"The fact that a judgment has been rendered by consent does not give it any greater validity than if it had been rendered after sharp and protracted litigation": 15 R. C. L. 645 §90.

And this is especially true in the case of orders entered in support proceedings. The practice in Pennsylvania has not been to regard support orders as final. Our courts have the power to increase, reduce, modify, or vacate such orders upon proper cause shown and depending on the financial condition of the parties: Commonwealth ex rel. v. Martin, 134 Pa. Superior Ct. 345, 347 (1938). The amount of the order is always in the discretion of the court of competent jurisdiction which, in the language of our statutes (Act of April 13, 1867, P. L. 78, and The Penal Code of June 24, 1939, P. L. 872, sec. 733), ". . . after hearing . . . may order the person against whom complaint has been made, being of sufficient ability, to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both . . .". The purpose of a support proceeding is not to punish a respondent for his conduct toward his family, but to secure such an allowance for their support as is reasonable under the circumstances, having in view his ability to pay and the conditions in which the family is accustomed to live: Commonwealth ex rel. v. Sherritt, 83 Pa. Superior Ct. 301; Commonwealth ex rel. v. Fort, 124 Pa. Superior Ct. 151.

An action for support under the Act of 1867, supra, is to be distinguished from one to enforce the provisions of a separation agreement. In the latter case the immediate and actual separation of the husband and wife is the crux and focal point of the agreement. Financial provisions while important are secondary to the main consideration. If they are reasonable at the time the agreement is entered into, and there is no coercion, concealment, or misrepresentation, the contract becomes a finality and the parties are bound by its terms and conditions. Whether the financial status of one or the other of the parties improves or becomes worse is not, in and of itself, important, unless so stipulated in the agreement.

In support proceedings the desertion of the husband or his failure to maintain and support his family is the prime consideration. The amount of the support order is predicated on the husband's ability to pay and the standard to which he accustomed his family to live. The financial status of the husband is the thing that controls and the order may be increased or lessened, depending on the husband's earning capacity. Accordingly, if the husband's income becomes greater or less, the court, upon consideration of the changed circumstances, may increase or decrease the amount of the order.

As we have said, this case does not grow out of a separation agreement. True, an order was entered by consent of the parties, but the proceeding originated under the provisions of the Act of April 13, 1867, P. L. 78, its supplements and amendments. The consent decree merely eliminated certain controversial issues and established certain facts, such as the right of the wife to support, the ability of the husband at the time to pay the amount of the order, and the sufficiency of that amount for the comfortable support and maintenance of the wife. And, if a change in the financial status of the husband is shown, we take it that this court has the power to modify the order.