## Ashbaugh *v.* Ashbaugh, Appellant.

Argued April 13, 1950. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Louis Vaira*, with him *Louis L. Kaufman*, for appellant.

*George S. Goldstein,* with him *John M. Walker* and
*Morris F. Cohen,* for appellee.

OPINION BY ROSS, J., July 20, 1950:

This is an action in assumpsit brought by the plain-
tiff against her divorced husband to recover payments
alleged to be due on a separation agreement executed
before the divorce. The contract, executed on October
26, 1944, stated that the parties had not been living to-
gether since March 24, 1934; that there was no opportun-
ity for reconciliation, and that they desired to settle their
rights and make provision for their two children in the
event the marriage was dissolved. It was agreed that
the husband would convey the family residence to the
wife in full settlement of any claims arising out of their
marital relationship for support which she had or would
have in the future against him. The defendant agreed
to pay the wife $2000.00 to be used as a trust fund for
their two children and that, in lieu of a support order,
the defendant-husband would pay the wife the sum of
$50.00 per month for the maintenance and support of
the children so long as the wife should live. The parties
were divorced on October 31, 1944. The plaintiff's state-
ment of claim pleaded the agreement, and that under it
there was $300.00 due on August 1, 1945, for which the
suit was brought. The defendant denied that he was
liable in the amount claimed, asserting that one of the
children was married and that the other was self-sup-
porting. At the trial of the case on November 9, 1948,
the court permitted the plaintiff to amend her pleadings
so as to claim $2250.00, and then directed a verdict in
this sum with interest. Defendant's motions for judg-
ment n. o. v. and a new trial were refused by the court
below and this appeal was taken.

The defendant does not question the legality of the
contract and since there is no allegation or contention
that anything was omitted from the written contract by

fraud, accident or mistake, oral testimony as to the defendant's understanding of the contract was properly excluded. The rights and obligations of the parties are determined by the written contract and since it is expressed in clear and unambiguous terms, its interpretation was for the court. *Onofrey v. Wolliver,* 351 Pa. 18, 21, 40 A. 2d 35. Hence, there was no issue to submit to the jury.

The defense to the cause of action is *solely* that the defendant has ceased to be liable for payments under the contract because the children for whose "maintenance and support" the payments were to be made are now self-supporting, one being married and "maintained by her husband", and the other, employed, "maintained and supported herself". However, the parties themselves expressly stipulated that the defendant-husband should make the monthly payments "during the life" of the plaintiff, the wife. In the contract, the husband is designated as the party of the first part and the wife as the party of the second part, and the pertinent paragraph reads as follows: "In lieu of support order at #57 December Session 1933 in the Court of Quarter Sessions of Armstrong County, the party of the first part agrees to pay to the party of the second part, the sum of $50.00 per month for the maintenance and support of their two children, so long as the party of the second part shall live."

In *Biery v. Steckel,* 194 Pa. 445, 45 A. 376, a husband by a contract of separation agreed to pay $25.00 a month for the support of his wife and daughter "during the natural life" of the wife, and executed a bond for performance of the obligation. Later the husband refused to pay the amount stipulated, tendering instead $15.00 a month, on the ground that the daughter had married after execution of the agreement and bond and "was no longer a charge upon her mother". In holding that the husband was not thereby released from paying the full

monthly amount stipulated, the Supreme Court stated at page 448: "There is no ground whatever for the obligor's contention that the marriage of his daughter reduced his liability upon the contract from $25.00 per month to $15.00 per month. It is a contention flatly opposed to the plain provisions of the articles of separation . . ."

In this case, there is nothing to suggest or imply that anything except the death of the wife would warrant the stopping of the payments to her by her former husband, whether the children needed the payments for their support or not. As we stated in *Adams v. Adams*, 32 Pa. Superior Ct. 353, at page 355: "No fraud, coercion or concealment on the part of the wife is suggested by the husband, and if the bargain is a hard one under the present conditions, it is one of his own making and he must be held to its performance." In our opinion, the defendant's contention that he is relieved from payments under the contract is ruled against him by the *Biery* and *Adams* cases, supra.

In her statement of claim, filed on August 1, 1945, the plaintiff sought recovery of "the sum of Three Hundred ($300) Dollars . . . as well as additional sums as may hereinafter become due . . ." under the terms of the contract. When the action was tried on November 9, 1948, the amount then due under the terms of the contract was $2250.00, and before directing a verdict for the plaintiff, the court below allowed her to amend her statement to claim $2250.00. The defendant contends that the court erred in allowing the amendment. There is, of course, no merit in this contention.

Pleadings may be amended at any stage of the proceedings and the matter is one within the discretion of the trial court. *McNernie v. Peace*, 344 Pa. 24, 24 A. 2d 12. Liberality is the first consideration in determining the right to amend where an amendment will enable

the plaintiff to secure a just disposition of his case on all of its merits. *Wessling v. Latkanich,* 144 Pa. Superior Ct. 317, 19 A. 2d 553. Pa. R. C. P. No. 1033, effective January 1, 1947, provides in part: "A party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend his pleading . . . An amendment may be made to conform the pleading to the evidence offered or admitted."

Here, if the defendant's contractual obligations continued, it is not denied that he was in default in monthly payments in the amount of $2250.00 at the time of the trial of the case. Consequently, the amendment contained no element of surprise and its allowance by the trial court before directing a verdict did not adversely affect any of defendant's rights. Even after verdict a statement of claim may be amended increasing the amount of damages sought. *Felo v. Kroger Grocery and Baking Co.,* 347 Pa. 142, 31 A. 2d 552.

Judgment affirmed.