## Buxton et al. v. Fulginiti et al.

*S. F. Laveson* and *Meyer, Lasch, Hankin & Poul,* for plaintiffs.

*J. J. McDevitt,* for defendant.

*J. B. Hannum,* for additional defendants.

OLIVER, P. J., July 15, 1954.—Wenger and Fulginiti were the drivers of automobiles which collided. Malinda Buxton and Henry Buxton were passengers in Wenger's auto. Wenger and the Buxtons sued Fulginiti for personal injuries. Wenger was severed and joined as a defendant to the Buxtons' claim.

Fulginiti joined Wenger and Renit as additional defendants, Renit being the owner of the car which Wenger was driving. Renit then counterclaimed against Fulginiti, the original defendant, under Pa. R. C. P. 2255(a), for damages to his car. Fulginiti now seeks to amend his complaint against Wenger so as to include a demand for Wenger's participation in the property damage claim of Renit. Wenger objects, citing Pa. R. C. P. 2253, complaining that allowance of the amendment would, in effect, be permitting his joinder as an additional defendant without cause more than 60 days after service of the counterclaim upon him.

We shall refer to the parties by the first letter of their surnames.

Technically, W might be correct, for the *original* cause of action was limited to *personal injuries*, and joinder of a third-party defendant is restricted to the "cause of action declared upon". We should not allow an amendment that would enable F to do something he could not properly do at the time the pleading was filed. But if we deny this right to amend, F would be compelled to bring W in as a third-party defendant on the property damage counterclaim of R. Even *within* the 60-day period, however, W could not be so joined because he is *already* a party on the record: Pa. R. C. P. 2252 and 2253. F then is apparently without a remedy, even though the rules allow R to counterclaim against F for *any* cause of action, provided it arose from the transaction, occurrence, or series of transactions or occurrences out of which B's cause of action arose: Rule 2255(a). This would mean F should discontinue his third-party action against W as far as the personal injury claim is concerned and rejoin him as a defendant to the property damage claim. And, in the event of an adverse verdict, F would be required to institute a separate action against

W in order to compel contribution with respect to the property damage claim.

We do not think the framers of our rules ever intended such a result. Only one accident took place here, and all the parties involved are on the record. There is no point in compelling a second suit by Fulginiti. Our Supreme Court has said:

"One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of the action. . . . The rules of civil procedure are remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted": Simodejka v. Williams, 360 Pa. 332, 333 (1948).

It is true that petitioner has shown no good cause for the granting of leave to effect a *joinder* beyond the statutory 60-day period. The considerations affecting the *joinder* of a party may be very different from those touching on the *amendment* of a claim already stated. It is a serious thing to be brought into a dispute between adverse parties and put on the record as a defendant, and consequently the 60-day limitation. When, however, a defendant is *on the record,* and knows the facts, no great harm is done by allowing an amendment to a claim which defendant presumably is prepared to defend. Petitioner is not attempting here to bring in an additional defendant. That has already been done *within* the time prescribed.

We are asked only to allow petitioner to amend his previously filed third-party complaint under Rule 1033 so as to restate his claim against the third-party defendant. Amendments are liberally allowed except where a new cause of action would be introduced after the statute of limitations has run: Arlia v. Philadelphia Transportation Company (No. 1), 77 D. & C. 21

(1952). See also Asbaugh v. Asbaugh, 167 Pa. Superior Ct. 368 (1950). That problem is not present here.

We conclude that allowance of the petition in this case would avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to the transaction constituting the cause of action.

The petition will be granted.

### Order

And now, July 15, 1954, it is hereby ordered that the complaint of John Fulginiti to join Stanley Wenger as an additional defendant be and it is hereby amended by the addition of the following paragraph:

"6. Alternatively, in the event that the additional defendant, Stanley Wenger, was operating the said motor vehicle as the bailee and not as the servant of the additional defendant, Renit, Inc., then the additional defendant, Stanley Wenger, is alone liable to the additional defendant, Renit, Inc., for the property damage to the automobile of the said Renit, Inc., or he is jointly and severally liable with the defendant to Renit, Inc., or he is liable over to the defendant upon the cause of action set forth in the counterclaim heretofore filed by Renit, Inc."