## Commonwealth v. Miller

*Charles D. Stone*, for prosecutrix.

*Clinton R. Weidner*, District Attorney, and *Harold S. Irwin, Jr.*, Assistant District Attorney, for Commonwealth.

*Thomas I. Myers*, for defendant.

SHUGHART, P. J., July 18, 1958.—An order of support was entered "by agreement of the parties" on June 30, 1953, directing the above defendant to pay $34 per week for the support of his wife and his minor son James. Subsequently, pursuant to a petition of defendant "on consideration of the written agreement of the parties" endorsed on the petition, the payment was reduced to $28 per week by an order of May 26, 1955.

Defendant now has filed a petition praying for the termination of the order. A rule was issued to show cause on August 20, 1957. An answer was filed to the petition, which admits the facts alleged but prays that the rule be discharged for legal reasons. Argument has been had and the matter is presently before us for disposition.

From the petition and answer it appears that the child of the parties has been graduated from high school and it is admitted that he is self-supporting. It further appears that defendant and prosecutrix were divorced by a decree entered in an action instituted in the Court of Common Pleas of this county to no. 502, September term 1953, by decree dated May 4, 1954.

The prosecutrix contends that the order may not be terminated because of the provisions of an agreement of the parties dated the same date as the original order of support, June 30, 1953. This agreement provided, inter alia, that the husband (defendant) agrees to petition the court under the provisions of the Act of September 26, 1951, P. L. 1494, sec. 1, for an order of $34 weekly for the support of the wife and child. The agreement further provides:

"Husband further agrees that he will not petition the Court of Quarter Sessions for a revision of the said Order above referred to unless and until Wife remarries following any procedure instituted by her for divorce and until the minor son, James L. Miller, becomes self-supporting or arrives at the age of 21 years, whichever occurs first. It is distinctly agreed between Husband and Wife that if Wife should institute divorce proceedings that the Husband will continue to pay for her support and her child at the agreed amount of $34 per week. If a Decree of Divorce is granted to Wife it shall in no wise affect the amount of the support order herein agreed upon, except as above stipulated."

Counsel for defendant maintains that the agreement of the parties has no bearing on the case and in his written brief discusses only the duty of the court to terminate the order because of the divorce and the fact that the child is self-supporting, both of which

were conceded by counsel for the prosecutrix at oral argument and in his brief.

The question squarely presented for determination by the answer to the petition is whether the terms of the agreement will prevent the termination of the order even though the statutory liability for support has ended.

An examination of the record reveals that the first that the terms of the written agreement were injected into the case was when the petition for termination was filed.

The Act of September 26, 1951, P. L. 1494, sec. 1, under which defendant agreed to petition the court provides for proceeding against a "husband or father" who "neglects to maintain his *wife* or *children.*" (Italics supplied.)

The broad question involved here is divided into two subsidiary queries. First, is the agreement subject to being interpreted to provide for support to the wife following divorce and, secondly, if the agreement can be so interpreted may it be enforced in the instant proceeding?

Valid contracts for maintenance and support, even after divorce, just as other contracts, are legally enforcible in actions of assumpsit: Ashbaugh v. Ashbaugh, 167 Pa. Superior Ct. 368. The matter of the support of a wife and children by a husband and father has been deemed of such importance to the welfare of the public as well as those directly involved that the various State governments have by statute provided legal machinery of a criminal or quasi-criminal nature to enforce this duty of a husband and father. Under these statutes as in the Act of 1951, as amended, 18 PS §4733, the court has the authority "after a hearing in a summary proceeding" to impose an order of support and may further "commit such person to prison . . . until he shall comply with such order." In addition,

other extraordinary remedies are available to enforce such an order for support against property of the defendant including execution against property held for him in a spendthrift trust.

Pennsylvania has no law imposing any duty of support upon a husband after an absolute divorce from his wife: Act of May 2, 1929, P. L. 1237, sec. 55, 23 PS §55; Commonwealth ex rel. McCormack v. McCormack, 164 Pa. Superior Ct. 553.

It is clear, therefore, that no order of support could be *entered* under the circumstances present here: Commonwealth ex rel. Jacobs v. Jacobs, 9 D. & C. 2d 152. With circumstances present that would not support an original order, can an agreement of the parties prevent the termination of an existing order? We think not.

The provision for a summary proceeding before the court instead of trial by jury exists because of the public policy favoring the enforcement of the duty of support of a husband and father. The provision in the support statute for attachment of the person of the defendant for failure to comply with an order is present for the same reason. No such considerations of public policy apply to the enforcement of contracts between parties who were formerly husband and wife. To hold that this order could not be terminated would result in affording to the prosecutrix all of the extraordinary remedies that are reserved for cases where defendant falls within the statutory definition of those to whom it applies. The legislature was most certainly aware that the laws of this State did not provide for support after divorce. When they provided that the act apply only to husbands and fathers they must be deemed to have contemplated that the act would not apply to situations where no marital relationship existed. To extend the provisions of the statute as the

prosecutrix requests would fly in the face of obvious legislative intent and result in a situation where the defendant might be incarcerated for the nonpayment of a contractual debt. Suffice it to say that we feel the extraordinary remedies afforded by the Act of 1951 and the amendments thereto may not be extended to cover this situation. The quarter sessions court must interpret and by its procedures enforce the public policy of the State: Commonwealth v. Shaffer, 175 Pa. Superior Ct. 100, 107.

There is a further reason why the contract or agreement between the parties cannot be invoked to prevent termination of this order. There is a serious dispute as to the interpretation to be placed upon the contract. Defendant contends that the provisions of the contract do not prevent the termination of the order. The prosecutrix argues that a proper construction results in imposing an obligation on the husband to support his ex-wife despite the divorce and the emancipated status of the child.

The quarter sessions court is not a forum for the interpretation or construction of contracts. If a latent ambiguity in the contract exists, parol evidence is admissible to explain it. Under such circumstances, defendant would be entitled to have a jury pass upon the matter and not have it decided in a summary proceedings before the court: Fischer & Porter Co. v. Porter, 364 Pa. 495, 502; Baldwin v. Magen, 279 Pa. 302. For this reason we feel that it would be improper to attempt to interpret the contract in this action.

In conclusion, we feel that where the statutory requisites for the entry of an' order of support no longer exist, as is the case where the prosecutrix and the defendant are divorced and the child is self-supporting, the order must be terminated even though there may be a contractual obligation existing between the

parties for a continuance of support to the ex-wife. We find it unnecessary, therefore, to decide whether or not the agreement of the parties provides for such support. That question must be decided in a forum provided for such actions.

And now, July 18, 1958, at 4 p.m., Eastern Standard Time, for the reasons given, the rule to show cause why the order of support heretofore entered in this action should not be terminated be and is hereby made absolute, and said order of support terminated and ended as of August 20, 1957. An exception is noted.