## Billmeyer v. Hintz

*Hervey B. Smith, Smith, Eves and Keller,* for plaintiff.

*Jay W. Myers,* for defendant.

KREISHER, P. J., July 10, 1970.—On August 28, 1969, plaintiff filed her complaint in equity to enforce an agreement by her divorced husband for the support and education of their children.

After disposition of preliminary objections, defendant filed an answer on January 6, 1970.

On February 11, 1970, a hearing was held in open court. Counsel have agreed the court may proceed to dispose of the case without oral argument.

The parties were married in 1946 and three children were born. The agreement giving rise to the controversy is dated June 8, 1966, and the parties were divorced in August 1966. Each of the parties remarried. The oldest child, a daughter, continued to live with her father until she married in June 1967, and entered college in Williamsport in September 1967. The two boys live with their mother and attend high school.

Paragraph Six of said agreement provides:

"Husband agrees to pay to Wife for the support and maintenance of the parties' minor children the sum of $200.00 per month in semi-monthly installments of $100.00 on the 1st and 15th days of each month, first payment to be made on or before June 15, 1966. Said payments shall continue at the aforementioned rate until such time as the youngest child shall attain the age of 18 years. In addition, Husband does hereby agree to pay the costs of higher learning for each of said children, which shall include tuition, books, room and board, clothes and transportation, so long as any of the children of the parties shall be enrolled as a fulltime student in an accredited college, university or other institution of higher learning, including nurses' training."

Defendant complied with the terms of the agreement until January 15, 1967, at which time it was orally agreed to "temporarily" reduce the support payments to $150 per month because of a change in defendant's circumstances.

The husband of the daughter earns $7,100 per annum and defendant, employed in a bank, arranged a loan for his daughter's higher education.

Defendant sold a farm in August 1969, so plaintiff

started this action to terminate the temporary reduction of the support agreement and to have defendant pay for his daughter's higher education.

After due consideration of the evidence, we conclude the temporary reduction of the support agreement expired on the sale of the farm and that defendant should pay $50 monthly arrearages beginning August 1969, or $550 to July 1, 1970, and in the future pay the full $200 per month called for in the agreement.

In regard to plaintiff's demand that defendant pay her for the daughter's higher education, we conclude, after reviewing the evidence in the light of the many similar cases we have examined, that we are unable to grant the requested demand or relief.

In addition to the lack of evidence of amount, choice and other pertinent facts which would be necessary for an intelligent appraisal of the matter since the daughter was not called as a witness, the agreement is silent as to the specific payee of the sums for the higher education.

In Olive v. Olive, 29 D. & C. 2d 190, it is stated, on page 195, of the opinion:

"Neither the industry of counsel, nor our own research, has discovered any reported opinion of any court in Pennsylvania wherein a provision such as paragraph 1 of the agreement in the instant case—not specifically identifying the payee—has been construed. The agreement in Adams v. Adams, 32 Pa. Superior Ct. 353 (1907), is materially different in that it expressly provided for payments to the wife."

We do not deem it necessary in this adjudication to discuss the law of third-party-beneficiary contracts because the terms of the agreement before the court fail to meet the requirements of such a contract. In other words, plaintiff has no standing to enforce this element of the contract. This is a matter

between defendant and the daughter and not between plaintiff and defendant; therefore, if the daughter is not satisfied with the arrangements she has made with her father, she is entitled to her day in court, and we will adjudicate her cause on her testimony.

### DECREE NISI

And now, July 10, 1970, it is ordered that Harry W. Hintz, defendant, shall pay to plaintiff, Patricia U. Billmeyer, forthwith, the arrearages of $50 per month from August 1969 to July 1, 1970, viz., $550 and interest thereon at six percent per annum computed from the dates when the monthly payments comprising said sum became payable, and beginning with the month of July 1970, defendant shall pay the full $200 per month in accordance with the agreement. Plaintiff is denied any payment for the daughter's higher education. Costs on defendant. Exception noted.

The prothonotary shall give prompt notice of this decree nisi to the parties and if no exceptions are filed within 20 days, this decree shall be entered as a final decree.