## Barton v. Paul

*John E. Hall*, for plaintiff.
*Edward B. Friedman*, for defendants.

DOYLE, J., June 24, 1974.—This matter is before the court on plaintiff's motion to amend his complaint in assumpsit and trespass to include a count in equity for specific performance of the terms of a written lease of certain land.

On April 15, 1947 plaintiff-lessor and defendant-lessee, George J. Paul, executed a written, long-term lease of certain land located at 2233 Saw Mill Run Boulevard, Allegheny County, Pa. Subsequently, the lessee, with the permission of the lessor, assigned the lease to Paul's Diner Company. Later, the lessee-assignee reassigned the lease to Janrick Enterprises, Inc. At all times material herein, the original lessee was the president of both corporate assignee-lessees. Included in the lease was a covenant made by the original lessee on behalf of himself, his heirs and assigns, to pay taxes, water rentals and sanitation service charges levied against the demised estate. Throughout the term of the lease, defendant, George Paul, operated a restaurant in a Pullman Dining Car (diner) which he had placed on the leased land.

On November 13, 1972 plaintiff-lessor filed his complaint seeking recovery of accrued rentals, real estate taxes and water and sanitation service charges, together with unliquidated damages allegedly consequent upon defendants' failure to remove the diner from the land at the expiration of the lease on June 30, 1972. Defendants filed an answer and counterclaimed for breach of the terms of the lease and interference with their possessory interest in the land.

The issue raised is whether plaintiff may now amend his complaint to include a demand for specific performance of that part of the lease which provides that, at its termination, defendants will, within a reasonable time, remove the diner from plaintiff's land. It is settled that a plaintiff in equity may plead causes of action in the alternative, even though one alternative, taken alone, would not be cognizable in equity, on the principle that when a basis exists for equity jurisdiction, the court of equity will decide all phases of the controversy: White v. Young, 409 Pa. 562 (1963); Buswell v. Buswell, 377 Pa. 487, 44 A. L. R. 2d 1085 (1954); Allegheny Elec. Co. v. Ross, 107 Pitts. L. J. 376 (1958).

However, in this case, plaintiff seeks to add an equitable count to a complaint already filed on the "law side" of the court. Pennsylvania Rule of Civil Procedure 1020, which states the rule relating to pleading alternative theories, does not authorize a joinder of claims which would otherwise be improper. Accordingly, when causes of action in the alternative are joined, they must be of the same generic category so that they could be joined conjunctively in one action: 2A Anderson Pa. Civ. Prac. §1020.10. It follows that the claims which may be joined in assumpsit are *only* those types of claims which themselves could be enforced in separate assumpsit actions. Distinguishable

from the case at bar is Deakins v. Roofings, Inc., 119 Pitts. L. J. 58 (1971), where the court stated that the language of Pa. R.C.P. 1031 is sufficiently broad to permit a defendant to include a *counterclaim* demanding equitable relief in his answer to a complaint in assumpsit.

Had plaintiff commenced his action in equity, all pertinent ancillary matters, although not separately cognizable in equity, could have been decided in that action. But, in recognition of the statutory parameters of Pennsylvania equity practice and this plaintiff's election not to initiate his action on the equity side of the court and defendants' right to a jury trial in the assumpsit-trespass actions, we must deny plaintiff's motion to amend the assumpsit-trespass action to include matters demanding equitable relief.

An appropriate order will be entered.

## ORDER

And now, June 24, 1974, in consideration of the arguments and brief material submitted by counsel, plaintiff's motion to amend his assumpsit-trespass actions to include a count in equity for specific performance is denied.